MARVIN, Judge.
In this workers compensation action, the School Board appeals a judgment awarding *695 one of its cafeteria workers total and permanent disability under the odd-lot doctrine.
The Board contends the trial court erred in finding a causal connection between the employee’s lifting incident and the eventually excised lumbar disc, in finding total and permanent disability, and in assessing generally court costs to the Board. The issues relating to the employee’s accident and her disability are essentially factual. Finding the resolution of these issues to be clearly supported by the record, we affirm the judgment with some modification as to costs which are not assessed in dollar amounts as is required by LRS 13:5112.
Plaintiff had worked for the Board for about 16 years prior to the lifting incident which occurred on October 10, 1980. Plaintiff was primarily a meat cook but also assisted in serving food and mopping and cleaning the cafeteria and kitchen. She asked another employee (Ms. Young) to help her lift a container of meat from a cafeteria freezer. Young’s hand slipped and plaintiff bent forward to catch the container and prevent the meat from spilling on the floor. Plaintiff felt a “pull” in her back, but continued working that day. Ms. Young, the Board’s witness, testified that she remembered that the container of meat slipped when she and plaintiff were lifting it, that this had occurred on a Friday, and that plaintiff telephoned her on Sunday night and informed her that she had hurt her back when handling the meat on Friday and that she was not going to be at work on Monday.
On October 13, 1980, plaintiff first saw Dr. Fleming and filed an accident report with the Board. Dr. Fleming found muscle spasm in the lower back and recommended bed rest and no activity. He also saw her on six occasions through December 15,1980, at which time he referred her to Dr. Mead, an orthopedist. Dr. Fleming apparently told plaintiff on November 17 that she could return to work. He also testified that plaintiff told him on November 5,1980, that she had gone back to work and had again hurt her back. Plaintiff denied telling this to Dr. Fleming. Dr. Mead saw plaintiff several times between December 15, 1980, and September 1982. He hospitalized plaintiff in February 1981, performed a myelo-gram, and surgically excised the protruding and degenerated L5 lumbar disc on March 5, 1981. Dr. Mead agreed that the lifting incident or accident at least “aggravated” that disc. In August 1981, Dr. Mead thought plaintiff had a 10 percent permanent disability and could not work lifting, stooping, bending, or carrying any weight over 10 pounds. His opinion in September 1982 was that she should not attempt a job requiring repetitive bending, stooping, or lifting anything over 15-20 pounds.
The Board’s Director of Food Services and plaintiff explained plaintiff’s duties. Meat comes in various containers which weigh from 10 to 50 pounds. Turkeys, for instance, weigh about 14 pounds each and are packed three to a box. Plaintiff sometimes would be lifting these items, even with the assistance of others. Plaintiff also would be required to stoop and bend while attending to the cooking, preparation, and service of food, and to the performing of such physical functions while mopping floors, cleaning tables, transporting garbage, and cleaning ovens.
Plaintiff is a 44-year-old, markedly obese woman, with an 8th grade education. She had some experience as a farm worker before she began working for the Board. In the opinion of an expert vocational counsel- or, who tested and interviewed her, plaintiff was below average in academic skills and communication and social skills, and could not be placed or trained for any type of employment because of her physical and intellectual shortcomings.
Under these circumstances, the trial court did not err in finding that plaintiff could not return to her employment and that she should be classified as an odd-lot worker. The trial court could have believed plaintiff when she said she did not return to work after October 10,1980, contrary to Dr. Fleming’s statement that she told him she had returned to work. All in all, we find no error in the trial court’s conclusion that *696 plaintiff was totally and permanently disabled. When a reasonably stable market for employment does not exist for a worker because of her physical and mental impairment, incapacity, training, age, availability of employment, or any other relevant factor, she may be considered totally and permanently disabled under the odd-lot doctrine. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
LRS 13:5112 allows costs to be assessed against a political subdivision or agency as the court deems proper. That section requires, however, that the award “shall express such costs in a dollar amount” in the judgment. The judgment appealed expresses in dollar amounts the costs of expert witnesses, hospital reports, and depositions, but does not express other costs in dollar amounts. Costs which are not expressed in dollar amounts may be so expressed and assessed in further adversary proceedings in this action.
We shall amend the judgment to delete the assessment of costs generally and will allow these unexpressed costs to be expressed and assessed by the trial court in further adversary proceedings. As amended, we affirm the judgment in all other respects, including the costs which are expressed in dollar amounts.